IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| COMPASS GROUP USA, INC. | § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 *as amended,* to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Patricia Joyce, who was adversely affected by such practices and to prevent further occurrence of such practices.  As alleged with greater particularity below, Defendant, Compass Group USA, Inc., by and through its subsidiary, Morrison Management Specialists, Inc., ("Defendant" or "Morrison") discriminated against Joyce by failing to promote her to a sous chef positon because of her sex, female, and unlawfully retaliated against her by subjecting her to a compulsory transfer and demotion after she complained about the sex-based discrimination to which she was subjected.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Galveston Division. Venue is proper in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of Texas and the City of Galveston, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant may be served by serving its registered agent for service of process, CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Patricia Joyce filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.      On August 16, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practice and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On September 21, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

12.     Since at least July 2014, Defendant has engaged in unlawful employment practices in Galveston, Texas, in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. § 2000e-2(a) and 2000e-3(a).

13.     Defendant has more than 500 employees.

14.     Compass Group USA, Inc., by and through its subsidiary, Morrison Management Specialists, Inc., hired Joyce in April 2014 to work for it as a shift supervisor at its University of Texas Medical Branch ("UTMB") location in Galveston, Texas. Morrison provided food and nutritional services to UTMB, including the operation of a café on its premises and provided meals to patients in their rooms. As a shift supervisor, Joyce was responsible to managing the kitchen's staff, meal preparation as well as opening the kitchen on weekends.

15.     In July 2014, Defendant posted a vacancy announcement for a Sous Chef position at UTMB which had become available after its current Sous Chef had been promoted to Executive

3

Chef at its location in Webster, Texas. The Sous Chef is the chef that is second in command over the kitchen, overseeing the supervisors and other kitchen staff and reports directly to the Executive Chef.

16. Joyce met all of the posted qualifications for the posted Sous Chef position. At the time she applied for the position, she had many years of relevant experience, including having previously served as a sous chef with a prior employer.

17. In addition to Joyce, there were two male applicants for the position—one internal candidate and one external candidate, Joseph Amato ("Amato"). They, along with Joyce, were each given a written examination and a culinary examination.

18. The examinations were rated by Jeffrey Inman ("Inman"), Defendant's Executive Chef at UTMB, and by Defendant's Director of Food Services.

19. Morrison selected the external male candidate, Amato, for the Sous Chef position.

20. Joyce had both more culinary and supervisory experience than Amato and had also worked in larger kitchens. Before coming to work for Defendant, she'd been a sous chef for three years, had an additional thirteen years in a supervisory role in the kitchen and an additional six years in a kitchen chef/cook role. Amato, on the other hand, had approximately five years of relevant experience.

21. Joyce met with Inman about his decision to select Amato for the Sous Chef position. During their meeting, among other things, Inman informed her that the reason for his selection of Amato was that it was his belief that the kitchen was a man's world. Joyce objected to this claim countering that she'd gone to culinary school and that lots of women worked in professional kitchens. She expressed her belief that women (she) should be treated fairly and the selection process should be based on qualifications and experience. Near the end of their meeting, Inman

informed her that she should go work at the Webster location, under the executive chef there, because she could not continue working at UTMB, indicating she would no longer be a good "fit".

22.     Following their meeting in his office, on July 22, 2014, Inman sent Joyce an email which stated, in relevant part:

> Like I had told you when I had spoken to you in my office you did extremely well on the written and cooking test. This is a mans [sic] domain and i [sic] am trying to get it back that way. I honestly don't foresee you becoming a sous chef in this company. The only reason I allowed you to participate in the testing was to show you courtesy. I strongly suggest that you take the transfer with Taylor for that will be a better format for you.

23.     Following receipt of this email, a complaint was lodged with Defendant's Human Resources department regarding her employment. Presumably, Human Resources contacted Inman about the complaint because Inman sent Joyce a second email, dated August 23, 2014, stating:

> Pat i [sic] will tell you again that This [sic] is a mans[sic] domain and that you will never hold a sous chef position with this company as long as I am the executive chef here.. [sic]  I am untouchable here.  so i [sic]strongly suggest that you take the transfer with Taylor that will be a better format for you.
> I do not appreciate that you had your husband call HUMAN RESOURCES.  I am a god in this company, there is nothing you can say or do to me that they will believe so all this nonsense stops now! DO YOU UNDERSTAND ME?

24.     Shortly after receipt of this 2nd email from Inman, Joyce transferred to Defendant's location at the Bay Area Regional Medical Center in Wester, Texas. However, she was no longer employed as a shift supervisor with Defendant, but was required to work as a line cook, which resulted in a decrease in pay.

25.     The effect of the practices complained of above has been to deprive Patricia Joyce of equal employment opportunities because of her sex and to adversely affect her status as an

employee because of her protected activity of opposing employment practices she reasonably believed to be discriminatory and in violation of Title VII.

26.     The unlawful employment practices complained of above were intentional and committed with malice and/or reckless indifference to the federally protected rights of Patricia Joyce.

## PRAYER FOR RELIEF

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees and job applicants because of their sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful retaliation against employees who complain about discrimination in the workplace or in the job application process.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and job applicants and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and prevent unlawful retaliation against employees and job applicants who complain about discrimination in the workplace and in the job application process, respectively.

E. Order Defendant to make whole Patricia Joyce, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order instatement into a comparable position for Joyce or award front pay, in the amounts to be proven at trial, if instatement is impractical;

G. Order Defendant to make whole Patricia Joyce, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

H. Order Defendant to make whole Patricia Joyce by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I. Order Defendant to pay Patricia Joyce punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The EEOC requests a jury trial on all questions of fact raised by its Original Complaint.

                                                Respectfully submitted,

                                                **JAMES L. LEE**
                                                Deputy General Counsel
                                                No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**RUDY SUSTAITA**
Regional Attorney
Equal Employment
Opportunity Commission
Houston District Office
1919 Smith Street 7th Floor,
Houston, Texas, 77002
Direct: (713) 651-4970
rudy.sustaita@eeoc.gov

/S/ *Kathy D. Boutchee*
**Kathy D. Boutchee**
Senior Trial Attorney
Attorney-in-charge
TX Bar Number: 02717500
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Mickey Leland Building
1919 Smith Street, 6th Floor
Houston, TX 77002
Direct: (713) 651-4913
Fax: (713) 651-7995
kathy.boutchee@eeoc.gov

**COUNSEL FOR PLAINTIFF,**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

Case 3:18-cv-00057   Document 1   Filed in TXSD on 03/01/18   Page 9 of 9