United States District Court
Southern District of Texas
**ENTERED**
November 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § | | |
| Plaintiff, § | CIVIL ACTION NO. 3:18-CV-00057 | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| COMPASS GROUP USA, INC. § | | |
| Defendant. § | | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") and Defendant, Compass Group USA, Inc. ("Compass" or "Defendant") agree to entry of this Consent Decree.

**I.   Background and History of Proceedings**

A.   Charging Party Patricia Joyce ("Charging Party" or "Joyce") filed a charge of discrimination with the Commission (Charge No.460-2015-01378) (the "Charge") alleging Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").

B.   On March 1, 2018, after investigating the Charge and issuing a determination that there was reasonable cause to believe that the allegations in the Charge were true, the Commission commenced this action alleging that Compass had discriminated and retaliated against Patricia Joyce in violation of Sections 703(a) and 704 (a) of Title VII when it failed to promote her to a sous chef position because of her sex, female, and retailed against her by subjecting her to a compulsory transfer and demotion after she complained about the sex based discrimination.

1

C.	Defendants denied these allegations in the Complaint and has continued to deny them throughout the litigation.

D.	The parties wish to avoid the risks, uncertainties and expenses of continued litigation.  Accordingly, the parties have agreed to settle this lawsuit.  Neither Defendant's consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation.  Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

E.	The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites.  The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

## II.	Injunctive and Charging Party Relief

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims brought by the EEOC arising out of or asserted in Civil Action No. 3-18-cv-57 and the above-referenced Charge on behalf of Charging Party. The Consent Period for this Decree shall be three (3) years.

2. During the Consent Period, Compass and all of its management employees are enjoined from engaging in any employment practices which discriminate or retaliate against any individual with respect to promotion, compensation, terms, conditions or privileges of employment or because of such individual has opposed any practice made an unlawful employment practice under Title VII or has made a charge, testified, assisted, or participated in any manner in an investigation,

2

proceeding, court proceeding or hearing under Title VII, including but not limited to, in connection with this case.

3. During the Consent Period, Compass will provide to its executive chefs and supervisors at its UTMB and Bay Area locations (upon their hiring or promotion into the positions) its training entitled "Workplace Harassment: A Supervisor's Guide to Understanding and Prevent Harassment in the Workplace."  The training shall include an explanation of Title VII and its prohibitions against discrimination on the basis of sex and against retaliation in the workplace.

4. During the Consent Period, Compass shall issue its anti-discrimination and harassment policy to all newly hired employees at the time their employment commences. Compass represents that such policy has previously been issued to all incumbent/current employees up though the date of the Consent Decree. Such policy shall forbid discrimination and retaliation and provide for disciplinary action against violators of the policy.

5. Within ten (10) days after entry of this Decree, Defendant will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees at Defendant's UTMB and Bay Area Regional Medical locations for three (3) years.

6. Within ten (10) days after entry of this Decree, Defendant will remove from Charging Party's' personnel files any documents referencing her charge of discrimination, the Commission's lawsuit or this Consent Decree entered in resolution of the lawsuit.   These documents shall not be part of her personnel files but shall be kept segregated in separate, confidential folders.   Further, Defendant will not reference any facts or information relating to the charge, the lawsuit or the

Consent Decree to any potential employer of Charging Party.  It further agrees to provide in response to any written or verbal inquiries from potential employers a neutral job reference, stating her dates of employment, position or title, ending salary and that she is eligible for rehire.  Defendants shall not reference the charges of discrimination, the Commission's lawsuit or this Consent Decree.

7. Defendants agrees to pay the total gross sum of TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00), in full and final settlement of the Commission's lawsuit to provide monetary relief to Patricia Joyce.  The settlement sum shall be paid as $5,000 as back wages, from which applicable withholding taxes shall be deducted and $5,000 as general damages from which no withholding taxes shall be made.  Said sums shall be paid within fourteen (14) days from the date of entry of the Decree or the date the Commission delivers a W-9 signed by the Charging Party, whichever occurs last.  Defendant shall mail or deliver the settlement check to Ms. Joyce at the address provided by the Commission to Defendant.  Within ten (10) days of mailing or delivery of the check to Ms. Joyce, a copy of the checks disbursed to her shall be mailed to the Commission's undersigned counsel of record.

8. The sums payable to Ms. Joyce may be subject to federal or state income tax.  Defendant agrees to issue Internal Revenue Service ("IRS") Forms W-2 and 1099 or equivalent forms to Ms. Joyce for all sums paid pursuant to this Consent Decree no later than January 31, 2020.  Ms. Joyce will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on

the aforementioned monetary award. Defendant makes no representation as to the tax status of the funds being paid herein.

9. The parties to this action shall bear their own costs and attorney's fees.

10. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

11. During the Consent Period, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The Commission is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

12. In the event the Commission believes Defendant is in violation of any provision of this Consent Decree, the Commission shall notify Defendant, through their undersigned counsel, of such violation and afford Defendant the opportunity to remedy as may be appropriate any such alleged violation within 14 days of such notice, before instituting any legal action to enforce such provision(s).

13. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces within the appropriate statutes of limitation in the future for any alleged violations by Defendant not resolved by this Decree.

14. Each signatory certifies that he/she is authorized to execute this document on behalf of the party whom he/she represents.

Signed at Galveston, Texas on this 12th day of November, 2019.

_____
Jeffrey Vincent Brown
United States District Judge



**AGREED AND CONSENTED TO:**

| PLAINTIFF | DEFENDANT |
|---|---|
| By: *Kathy D. Boutchee* | By: *Stephen Roppolo* |
|     Kathy D. Boutchee |     Stephen Roppolo |
|     Attorney-in-Charge |     Attorney-in-Charge |
|     TBN: 02717500 |     TBN: 00797939 |
|     EEOC |     Fisher Philips LLP |
|     Houston District Office |     910 Louisiana St., Suite 4000 |
|     1919 Smith, Suite 600 |     Houston, Texas 77002 |
|     Houston, Texas 77002 |     (713) 292-0150 |
|     (346) 327-7664 |     (713) 292-0151 |
|     Fax: (713) 651-7995 |     Email: sroppolo@fisherphillips.com |
|     Email: kathy.boutchee@eeoc.gov | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Houston Direct Dial: (713) 651-4900
FAX (713) 651-4902
Website:  www.eeoc.gov

**NOTICE TO THE EMPLOYEES OF**
**COMPASS GROUP USA, INC.**

1. Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to promotion, compensation, hiring or other terms, conditions or privileges of employment.  Federal law also prohibits retaliation against any employee who complains about discrimination on any of these bases or files an internal or external complaint of discrimination.

2. COMPASS GROUP USA supports and will comply with such Federal law in all respects and will not retaliate or take any action against current or former employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), provided information to the EEOC and/or participated in any manner with an EEOC investigation or lawsuit or provided information during the company's investigation of any discrimination or harassment complaint.

3. COMPASS GROUP USA prohibits discrimination and retaliation and will not alter the terms and conditions of employment against employees or former employees who have exercised their rights by filing charges with the EEOC, providing information to the EEOC, and/or participated in any way with such charge or process.

4. Discriminatory or retaliatory employment practices will not be tolerated at COMPASS GROUP USA.

5. Any employee who feels they have been the target of discrimination or retaliation is advised to report this action promptly to the Human Resources/Employee Relations Department Malia Price at (979) 436-4798 or via email to Malia.Price@compass-usa.com.


SIGNED this _____ day of _____, 2019.


_____
Malia Price
HR Consultant
COMPASS GROUP USA


This OFFICIAL NOTICE shall remain posted for three full years from date of signing.
"EXHIBIT A"